IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GARY W. HAMM and LINDA M. HAMm )<br> )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>WYNDHAM RESORT DEVELOPMENT )<br>CORP., WYNDHAM WORLDWIDE )<br>OPERATIONS, INC., WYNDHAM )<br>VACATION RESORTS, INC., WYNDHAM )<br>VACATION OWNERSHIP, INC.; )<br>WYNDHAM REWARDS, INC. and JOHN )<br>DOES 1-100 )<br> )<br>    Defendants. ) | Case No.: 3:19-cv-00426 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### INTRODUCTION

Defendants Wyndham Resort Development Corp. ("WRD"), Wyndham Worldwide Operations, Inc. ("WWO"), Wyndham Vacation Resorts, Inc. ("WVR"), Wyndham Vacation Ownership, Inc. ("WVO"), and Wyndham Rewards, Inc. ("WRI")(collectively "Wyndham" or "Defendants") move this Court to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs' claims for fraud, fraudulent misrepresentation, fraudulent inducement, misrepresentation by concealment, and negligent misrepresentation are time-barred, calling for dismissal of Counts I-V of the Complaint with prejudice. Additionally, Plaintiffs have not met the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and cannot meet them, for any of their claims, because they have failed to properly plead reasonable reliance on the misrepresentations or omissions that comprise the basis of those claims. Any

4851-7313-9075.6

alleged reasonable or justifiable reliance is refuted by the express terms of the parties' agreement. Thus, Counts I through VI, which are all premised on the same misrepresentations or omissions, even if not time-barred, must be dismissed.

Count VII of the Complaint, for breach of contract, must also be dismissed because the Plaintiffs failed to plead any facts supporting a breach of the agreement, failed to cite any specific provision of their agreements with the Defendants that have been breached, and failed to attach the agreement to the Complaint.

Count VIII of the Complaint, for unjust enrichment, must also be dismissed because, as a matter of law in Tennessee, a claim for unjust enrichment cannot be had where the parties have a valid agreement.

## ARGUMENT

A.  **Facts Supporting Dismissal**

According to Plaintiffs' Complaint, Wyndham Worldwide Operations is a Delaware corporation with its principal place of business in Parsippany, New Jersey. *See* (Compl. ¶ 5.) Plaintiffs further allege that, at all times material to their Complaint, Wyndham Worldwide Operations has been in the hospitality business, franchising and managing hotels "or the like" throughout the United States. *Id.* Wyndham Worldwide Operations also controls the acts and practices of its subsidiaries as further described in the Complaint, and approved of or benefitted from those subsidiaries' acts and practices. *Id.* Plaintiffs generally claim that Wyndham Worldwide Operations "and/or" its subsidiaries market and sell "vacation-type ownership interests" and provide "consumer financing throughout the United States." *Id.*

Wyndham Vacation Resorts is a Delaware corporation with its principal place of business in Orlando, Florida, that markets, sells, and finances vacation interests, provides property management services to property owners' associations, and develops vacation ownership resorts.

*Id.* at ¶¶ 6, 29. Plaintiffs also allege that Wyndham Vacation Ownership is a Delaware corporation with its principal place of business in Orlando, Florida and, as the world's largest vacation ownership business, develops, markets, and sells vacation ownership interests, provides consumer financing to owners, and manages properties through its three primary consumer brands. *Id.* at ¶¶ 7, 30-31. According to the Complaint, Wyndham Rewards operated a mechanism regarding timeshare maintenance fees as part of Defendants' "transaction(s) with Plaintiffs," with a principal place of business in Parsippany, New Jersey. *Id.* at ¶ 8. Plaintiffs generally allege that John Does 1-100 are "any other agent(s) or person(s) employed or associated with Wyndham." *Id.* at ¶ 9.

Plaintiffs allege that they purchased Wyndham timeshare resort vacation units with some units located at Wyndham resorts in Tennessee, among other states. *Id.* at ¶ 3. Plaintiffs further allege that they were induced into signing timeshare documents in the State of Tennessee, and that they purchased timeshare points that were redeemable for vacation units located at Wyndham resort properties in Tennessee. *Id.* at ¶¶ 24-25. According to the Complaint, some of Wyndham's policies, procedures, and training lead its salespeople to "intentionally, negligently or fraudulently mislead, misrepresent, or omit facts to its potential and current customers." *Id.* at ¶ 43. Having been induced by these practices, Plaintiffs claim that, "with the knowledge, expectation, and encouragement from Wyndham," they traded in their Wyndham timeshare properties and/or points "from time to time" for other Wyndham timeshare properties, points, and/or benefits. *Id.* at ¶ 46.

In support of these allegations, Plaintiffs generically allege that "Defendants" made false or misleading statements of fact concerning the reasons for, existence of, or amounts of timeshare price reductions for timeshares Plaintiffs purchased. *Id.* at ¶ 51. Plaintiffs go on to

generically allege that Defendants falsely told them that they were attending owner education events or update meetings that were actually "high pressure" sales presentations, which confused Plaintiffs about what they were purchasing, and the terms and conditions of that purchase. *Id.* at ¶¶ 52-56.

Plaintiffs also claim Defendants misrepresented: (1) the facts regarding the price, costs expenses, and/or values of the timeshare points they purchased; (2) that the timeshare points they purchased were a sound financial investment; (3) that the property and/or points they purchased were more valuable than the previous purchase(s); (4) that the timeshare would increase in value and could be sold at a profit; (5) that their maintenance fees would be lowered if they upgraded or traded; (6) that Plaintiffs could refinance with their own bank to get a lower interest rate; (7) that they would be able to vacation anywhere at any time, but desired reservations "were never available or extremely limited and difficult to secure;" (8) that their timeshare could be rented to pay for maintenance fees and/or cover their mortgage; (9) that the timeshare could be rented to make additional income for Plaintiffs; (10) that Plaintiffs had to purchase additional properties and/or points to make their existing membership more "current" and able to be used; (11) that the points program offered by Defendants' credit card was greater than it was in reality; (12) that an inaccurate amount of equity was applied from their previous timeshare purchase(s) to their more recent purchase(s); (13) that Defendants would buy the timeshare back if Plaintiffs were unhappy with the purchase; (14) that Defendants' right of first refusal was a buyback program; and (15) that Plaintiffs' sales representative would be their personal representative and help rent the timeshare and make them reservations. *Id.* at ¶¶ 57-66, 70-72, 74-78. Plaintiffs otherwise assert that the following facts were omitted by Defendants: (1) that Plaintiffs would "be competing against the public at large" to reserve timeshare units at Wyndham properties; and (2)

all of the terms and conditions of the "Pathways" program offered by Wyndham. *Id.* at ¶¶ 69 and 77.

In addition to the above-stated misrepresentations and/or omissions, Plaintiffs also claim that they felt "intense pressure" from Defendants to purchase Wyndham timeshares and/or points, and that Defendants "forced them" to make "pressured and hurried decisions." *Id.* at ¶¶ 82-84. Based on the above-stated misrepresentations and omissions, and/or because of being pressured and/or "bullied," Plaintiffs claim that they were induced into purchasing timeshare properties and/or points. *Id.* at ¶¶ 85, 93. Moreover, Plaintiffs claim that they were not provided sufficient opportunity by Defendants to read through their timeshare contracts and other documents, or to consult with legal or financial counsel. *Id.* at ¶¶ 95-98. Finally, Plaintiffs claim that Defendants did not "adequately inform" Plaintiffs of the rescission deadline in their timeshare contract(s), and/or advised Plaintiffs that they could not rescind their contract. *Id.* at ¶ 99-103.

Each of the factual allegations in Plaintiffs' Complaint are incorporated into all counts of the Complaint, which purport to set forth a different legal theory of liability as against each and all of the Defendants, including the as-yet unnamed John Does. Thus, the same factual allegations serve as the operative facts for each count of the Complaint. Plaintiffs allege that these purported actions and/or omissions support their claims for Fraud (Count I); Fraudulent Misrepresentation (Count II); Fraudulent Inducement (Count III); Misrepresentation by Concealment (Count IV); Negligent Misrepresentation (Count V); Violation of the Tennessee and Timeshare Act (Count VI); Breach of Contract (Count VII); and Unjust Enrichment (Count VIII).

Plaintiffs' claims arise from and involve the construction of a series of contractual documents from *three* separate agreements with Wyndham. Nevertheless, Plaintiffs failed to attach any of those contractual documents to their Complaint. The Plaintiffs entered into the first agreement (**Exhibit A**) on October 4, 2008 in Tennessee. The Plaintiffs entered into a second timeshare agreement (**Exhibit B**) with Wyndham on September 28, 2014 in Virginia. Plaintiffs' third agreement with Wyndham (**Exhibit C**) is dated May 21, 2014, and was also signed in Virginia.

**B.  Dismissal Under Federal Rule of Civil Procedure 12(b)(6)**

    **1.  Standard for Dismissal**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must dismiss a complaint if it contains no "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)); Fed. R. Civ. P. 12(b)(6). While the Court must generally accept Plaintiff's factual allegations as true, the Complaint must be dismissed if it does not contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such facts require the Court to be able to draw a reasonable inference that the defendant is liable for the alleged misconduct, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The Court is not required to "accept as true a legal conclusion couched as a factual allegation." *Id.*

Analysis of a complaint under Rule 12(b)(6) requires a two-pronged approach. *Cunningham v. Wash. Group Intern., Inc.*, 2009 U.S. Dist. LEXIS 88611, at *3 (W.D. Tenn. Aug. 11, 2009). First, the Court should determine what allegations within the Complaint

can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Id.*; *Iqbal*, 556 U.S. at 679. Second, the Court should evaluate the remaining portions of the Complaint—the well-pleaded facts—and determine whether they give rise to a "plausible suggestion" of a claim. *Id.*; *Iqbal*, 556 U.S. at 680. The "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *Iqbal*, 556 U.S. at 678. Plaintiffs' claims—even when read liberally—fail minimum pleading standards and must be dismissed as a matter of law.

Where plaintiffs allege fraud, such as here, the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b). The "circumstances constituting fraud" require the claimant to allege: 1) the identity of the person who made the fraudulent statement; 2) the time of misrepresentation; 3) the place of the misrepresentation; 4) the content of the misrepresentation; 5) the method by which the misrepresentation was communication; and 6) the injury resulting from reliance on the misrepresentation. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 586 (6th Cir. 2016). These allegations must also meet the pleadings requirements of Rule 8. *United States v. First Choice Armor & Equip.*, 808 F. Supp. 2d 68, 74 (D.D.C. 2011)("Rule 9(b) does not abrogate Rule 9, and must be read in light of Rule 8's requirement that allegations be simple, concise, and direct, and short and plan statements of each claim").

**B.   Plaintiffs' claims of Fraud, Fraudulent Misrepresentation, Fraudulent Inducement, Misrepresentation by Concealment, and Negligent Misrepresentation are barred by the three year statute of limitations at Tenn. Code Ann. § 28-3-105.**

Actions for injury to personal property have a three year statute of limitations. Tenn. Code Ann. § 28-3-105. Plaintiffs' Counts I-V are subject to this statute of limitations. *See Kelly v. Colgems-EMI Music*, 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996)(fraud/fraudulent misrepresentation/misrepresentation by concealment); *American Fidelity Fire Ins. Co. v. Tucker*, 671 S.W.2d 837, 841 (Tenn. Ct. App. 1983)(fraudulent inducement); *Ne. Knox Util. Dist. V.*

*Stanfort Constr. Co.*, 206 S.W.3d 454, 459 (Tenn. Ct. App. 2006)(negligent misrepresentation). Failure to file an action governed by Section 28-3-105 within the three year statute of limitations period must result in the dismissal of that action. *Kelly*, 924 S.W.2d at 361.

Dismissal of Counts I-V is mandated here. Plaintiffs' most recent contracts were executed, and the alleged misrepresentations and omissions made, on May 21, 2015. *See* **Exhibit C**. Plaintiffs' Complaint was filed on May 20, 2019, approximately four years from the last date of contracting. While Plaintiffs fail to allege the date they "discovered" the fraudulent conduct upon which their Complaint is premised, as set forth in greater detail below and demonstrated in **Exhibit C**, the Agreements explicitly refute the misrepresentations and omissions that they now assert.

The Plaintiffs are charged with having knowledge of these terms, as parties to a Tennessee contract are presumed to have known the contents of what they were signing. When a party "fails to read the contract or otherwise to learn its contents, he signs the same at his peril and is estopped to deny his obligation, will be conclusively presumed to know the contents of the contract, and must suffer the consequences of his own negligence." *Pyburn v. Bill Heard Chevrolet*, 63 S.W.3d 351, 359 (Tenn. Ct. App. 2001). *See also Giles v. Allstate Ins. Co.*, 871 S.W.2d 154, 157 (Tenn. Ct. App. 1993) ("It will not do, for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained."). Thus, as a matter of law, Plaintiffs were on notice of terms which directly refuted the alleged statements and omissions upon which they premise their claim on September 29, 2013, the date of execution of the most recent agreements with Wyndham. To satisfy the statute of limitations for these claims, the Plaintiffs would therefore have had to file

their complaint by May 21, 2018, instead of May 20, 2019. Counts I-V must be dismissed with prejudice.

C. **The Agreements Negate the Fraud-Based Claims in Plaintiffs' Complaint.**

Although Plaintiffs failed to attach a copy of the Agreements and accompanying documents to their Complaint, the Court should still consider them on a motion to dismiss because it is well-settled that where a party refers to documents in his or her pleading, but the documents are not attached to the pleading, the documents are nevertheless incorporated into the pleading and the court may consider them on a motion to dismiss directed to the pleading. *See, e.g.*, *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999)(considering documents integral to the complaint does not convert a motion to dismiss into a motion for summary judgment). Given that the primary issue appears to be Plaintiffs' alleged inability to understand the product they were purchasing, the contracts themselves are integral to Plaintiffs' claims.

1. **The Court must enforce and uphold the plain terms of the Agreements.**

Under Tennessee law, "[i] a contract's language is clear and unambiguous, then the literal meaning of the language controls the outcome contract dispute." *Teter v. Republic Parking Sys.* 181 S.W.2d 330, 342 (Tenn. 2005). "The courts do not concern themselves with the wisdom or folly of a contract…and are not at liberty to relieve parties from contractual obligations simply because these obligations later prove too burdensome or unwise." *Tenn. Div. of the United Daughters of the Confederacy v. Vanderbilt Univ.*, 174 S.W.3d 98, 118 (Tenn. Ct. App. 2005)(internal citations omitted). Courts "will not make a new contract for parties that have spoken for themselves." *Id*. *See also Giles*, 871 S.W.2d at 157. Here, Plaintiffs' Complaint seeks to incorporate alleged pre-contractual representations and/or omissions into the Agreements, and further seeks for this Court to re-write those Agreements despite the clear and unambiguous terms thereof.

Plaintiffs voluntarily entered into fully merged and integrated Agreements with Wyndham Vacation Resorts, along with their accompanying documents (including disclosures). Specifically, Section 17 of the Plaintiffs' most recent Agreement, attached as Exhibits C and E, provide, in pertinent part, that:

> This Agreement, and any and all other documents executed at the same time as this Agreement, constitutes the entire agreement between the parties hereto. ***No representation or warranties, oral or written, other than the representations set forth in said documents, have been relied upon by the parties. Except as otherwise provided herein, this Agreement shall be binding upon and benefit the heirs, executors, administrators and successors of each of the parties.***

Ex. C, Agreement, at p. 3, ¶ 17 "General Provisions" (emphasis added).

As such, the above-quoted language explicitly forecloses consideration of any pre-contractual representations, statements, or understandings by or between the parties. Plaintiffs should thus be prevented from introducing parol evidence to vary or contradict the Agreements' express terms, as well as the terms, acknowledgments, and disclosures contained in their accompanying documents. *See Waring v. Polymer Materials,* 1997 Tenn. App. LEXIS 52 at 4\* (Tenn. Ct. App. Jan. 27, 1997) (stating that merger clause precludes the consideration of parol evidence).

2. **The Agreements preclude all fraud-based claims in the Complaint.**

Tennessee courts have consistently held that a party cannot recover in fraud for alleged oral misrepresentations that are expressly contradicted by the terms of the agreement. *See Solomon v. First American Nat'l Bank*, 774 S.W.2d 935, 944 (Tenn. Ct. App. 1989) (holding there can be no fraud where the agreement, on its face, contradicts any alleged misrepresentation); *Roopchan v. ADT Sec. Sys.*, 781 F. Supp. 2d 636, 655 (E.D. Tenn. 2011) ("It

is within the Plaintiff's "ordinary diligence" to learn [the contents of the agreement]. Plaintiff simply chose not to.")

In addition to the fact that the misrepresentations and omissions Plaintiffs allege in their Complaint are contradicted in the Agreement, as set forth in the chart attached hereto as **Exhibit F**, Plaintiffs also expressly represented they had received a copy of the Agreements, and that they understood the conditions of those agreements. *See e.g.* Ex. C, at p. 6, ¶ 38, "Receipt for Documents." Plaintiffs also expressly acknowledged that they received copies of certain disclosure documents from Defendants. *Id*. Based on the foregoing, Plaintiffs' fraud-based claims as included in their Complaint are plainly contradicted by the clear and unambiguous terms of the Agreements, and accompanying documents, that they freely and voluntarily entered into with Defendants. As such, Counts I-V of Plaintiffs' Complaint must be dismissed.

> 3. **Plaintiffs cannot allege reliance on Defendants' purported misrepresentations in support of their fraud-based claims.**

Even taking Plaintiffs' allegations that Defendants made misrepresentations as true, Plaintiffs could not have relied upon those misrepresentations as a matter of law because their alleged falsity was obvious upon a cursory review of the Agreements and accompanying documents. *Bowman v. Waggoner,* 2006 Tenn. App. LEXIS 32, 2006 WL 140377 at * (Tenn. Ct. App. Jan. 17, 2006) (holding plaintiff failed to establish fraud claim where he claimed to rely on representations of another before signing contract but failed to show his reliance was reasonable and failed to read contract himself); *Moore v. Progressive Sav. Bank,* 2000 U.S. App. LEXIS 6820 at *4 (6th Cir. Apr. 10, 2000)(holding plaintiff could not establish fraudulent inducement claim where she had the opportunity to read a bank note before signing it but did not do so).

Here, the Agreements, and their accompanying documents, all of which Plaintiffs signed and/or acknowledged, made it patently obvious that the timeshare interest and/or points were for Plaintiffs' personal use and enjoyment only, that they were not being purchased as a financial investment, that use of the timeshare interest was not guaranteed but was based on space and availability, that Plaintiffs read and reviewed the Agreements, and that any representation or inducement not set out in the Agreements would have no force and/or effect. *See* **Exhibit C,** Buyers Acknowledgement at ¶ 4. Plaintiffs are also not inexperienced timeshare consumers. They have entered into three separate agreements with Wyndham since 2008 and have a decade of experience using and enjoying their timeshare properties. The Plaintiffs now expect the Court to believe that they reasonably relied on alleged misrepresentations from Wyndham through the course of entering into five contracts over nine years with terms and conditions that clearly contradict the alleged misrepresentations. The foregoing further necessitates the dismissal of Plaintiffs' Counts I-V, with prejudice.

**D.    Plaintiffs Fail to Allege Their Fraud Claims with Sufficient Particularity.**

Each count of Plaintiffs' Complaint is based on the same common allegations that "Defendants"—which include five different entities and 100 unnamed employees—made misrepresentations, or otherwise failed to disclose facts, that induced Plaintiffs to contract with Defendants. However, even if Plaintiffs could allege any viable fraud-based claims—which they cannot—Plaintiffs' allegations fail to meet the pleading requirements of Rule of the Federal Rules of Civil Procedure. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Particularity requires identifying the representation of fact and how the representation is false. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'*, 176 F.3d 315, 322 (6th Cir. 1999)(upholding dismissal of plaintiffs claim for failure to plead falsity of fraudulent statement).

Rule 9(b) also requires, among other things, allegations concerning "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* (internal citations omitted).

Here, Plaintiffs vaguely and ambiguously allege that all Defendants, through at least one unidentified agent, and at no specific time(s), and on no specific date(s), misrepresented the following: (1) the facts regarding the price, costs expenses, and/or values of the timeshare points they purchased; (2) that the timeshare points they purchased were a sound financial investment; (3) that the property and/or points they purchased were more valuable than the previous purchase(s); (4) that the timeshare would increase in value and could be sold at a profit; (5) that their maintenance fees would be lowered if they upgraded or traded; (6) that Plaintiffs could refinance with their own bank to get a lower interest rate; (7) that they would be able to vacation anywhere at any time, but desired reservations "were never available or extremely limited and difficult to secure;" (8) that their timeshare could be rented to pay for maintenance fees and/or cover their mortgage; (9) that the timeshare could be rented to make additional income for Plaintiffs; (10) that Plaintiffs had to purchase additional properties and/or points to make their existing membership more "current" and able to be used; (11) that the points program offered by Defendants' credit card was greater than it was in reality; (12) that an inaccurate amount of equity was applied from their previous timeshare purchase(s) to their more recent purchase(s); (13) that Defendants would buy the timeshare back if Plaintiffs were unhappy with the purchase; (14) that Defendants' right of first refusal was a buyback program; and (15) that Plaintiffs' sales representative would be their personal representative and help rent the timeshare and make them reservations. (Compl. at ¶¶ 57-66, 70-72, 74-78.) Plaintiffs otherwise assert that the following facts were omitted by Defendants: (1) that Plaintiffs would "be competing against the public at

large" to reserve timeshare units at Wyndham properties; and (2) all of the terms and conditions of the "Pathways" program offered by Wyndham. *Id.* at ¶¶ 69-71, and 77.

In addition to these claims being expressly refuted by the Agreements and accompanying documents —to which *only* Defendant WVR is a party[1]—, Plaintiffs fail entirely to allege: (a) who made the alleged representations, or who failed to disclose certain facts; (b) the manner in which the representations were made to Plaintiffs; (c) the specific statements that were made; (d) how those statements were false; and (e) how Plaintiffs relied on the purported misrepresentations in light of the express provisions and disclosures contained in the Agreements. The Plaintiffs' failure to satisfy the requirements of Rule 9 mandate dismissal of Counts I-V. *See Sanderson v. HCA-The Healthcare Co.*, 447 F3d 873, 876 (6th Cir. 2006)("A court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions).

**E.     Counts V and VI of Plaintiffs' Complaint Should be Dismissed as Plaintiffs Fail to State Statutory Claims for Violations of the Timeshare Act, or a Claim for Negligent Misrepresentation.**

Plaintiffs' Count V for negligent misrepresentation and Count VI for violations of the Timeshare Act fails for the same reasons that Plaintiffs' fraud claims fail. Plaintiffs fail to allege how the alleged misrepresentations were false, particularly when they are addressed in the Agreements and/or accompanying documents. Moreover, Plaintiffs were not justified in their reliance on any alleged misrepresentations made by Defendants.

Plaintiff's allegations in support of their Timeshare Act claim and negligent misrepresentation claim are contradicted by the merger and integration clauses of the

---

[1] The Agreements establish that Plaintiffs have a contractual relationship with only one entity, WVR, thus to the extent Plaintiffs can state a claim, they may only do so against WVR. By referring broadly to "Defendants" throughout their Complaint, Plaintiffs improperly attempt to hold other entities and individuals liable through a blanket claim of vicarious liability, without alleging the facts supporting such liability. This is further grounds for dismissal of all Defendants other than WVR.

Agreements, and also by the plain terms of the Agreements. One who signs a contract is presumed to know its contents. *See Trigg v. Little Six Corp*, 457 S.W.3d 906, 916 (Tenn. Ct. App. 2014). Thus it follows that a party to a contract cannot avoid the enforcement of that contract on the ground that he or she signed it without reading it, as Plaintiffs seem to attempt to do here. *Id*. Even if a party to a contract claims that he was prevented from reading the contract by trickery or fraud, the recipient of such fraud may not blindly rely on it and a misrepresentation is not actionable where the truth might have been discovered by the exercise of ordinary diligence. *Roopchan v. ADT Sec. Sys.*, 781 F. Supp. 2d 636, 655 (E.D. Tenn. 2011) ("It is within the Plaintiff's "ordinary diligence" to learn [the contents of the agreement]. Plaintiff simply chose not to.")

In this case, a provision regarding Plaintiffs' right to rescind or cancel the Agreements was included above Plaintiffs' respective signatures, and provided in boldface lettering:

> **You may cancel this Agreement without penalty or obligation within ten (10) calendar days after the date you sign this Agreement or the date on which you receive the last of all documents required to be given to you pursuant to <u>Section 721.07(6), *Florida Statutes*</u>, whichever is later. If you decide to cancel this Agreement, you must notify the Seller in writing of your intent to cancel. Your notice of cancellation shall be effective upon the date sent and shall be sent to Wyndham Vacation Resorts, Inc., Attention: Account Controls and Administration - Rescission Dept. at: P.O. Box 94443, Las Vegas, Nevada 89193 or 10750 West Charleston Blvd., Suite 130, Las Vegas, Nevada 89135. Any attempt to obtain a waiver of your cancellation right is void and of no effect. While you may execute all Closing documents in advance, the Closing, as evidenced by delivery of the deed or other document, before expiration of your ten (10) day cancellation period, is prohibited.**

Ex. C., Agreement, at p. 6, ¶ 39 "Purchaser's Nonwaivable Right to Cancel."

Plaintiffs' remedy for the allegations contained in their Complaint, if true, would be to read the Agreements in more detail when they returned home, and thereafter to cancel them if they believed that the terms contained therein were not in accord with their understanding on the date they signed each Agreement. Plaintiffs acknowledged that they read the Agreements, and thereafter, they had the option to elect to cancel each Agreement. Any reliance on the alleged misrepresentations could therefore not have been reasonable. The Court should thus dismiss Counts V and VI of the Complaint, with prejudice, because they fail to state claims for negligent misrepresentation and for violations of the Timeshare Act.

F. **Plaintiffs' claim for Breach of Contract Should be Dismissed Because Plaintiff Fails to Plead a Specific Breach.**

Plaintiffs' Count VII for breach of contract must be dismissed as a matter of law. To properly plead a claim for breach of contract, a plaintiff must show: 1) an enforceable contract exists; 2) nonperformance amounting to a breach of that contract, and 3) damages caused by the breach of the contract. *BankcorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006). General allegations of wrongdoing are related to a contract are not sufficient to satisfy the notice pleading requirements of Rule 8. *Jackson v. First Citizens Bancshares, Inc.*, 2015 U.S. Dist. LEXIS 178038 at *20 (W.D.Tenn. April 22, 2015). In order to survive a motion to dismiss, the plaintiff must cite specific contractual obligations not met by the defendants. *Id*.

Here, the Plaintiffs have only cited general actions by *all* Defendants to breach contracts that the Plaintiffs failed to attach to the Complaint. There is no citation to any provisions of the agreement, and the Plaintiffs rely completely on a mere recitation of the elements of a claim for a breach of contract and refer to a failure "to meet the promises and obligations per the oral and written contracts." (Compl. at ¶ 203.) This is insufficient to meet the requirements of Rule 8 of

the Federal Rules of Civil Procedure, and the Plaintiffs' claim for breach of contract should therefore be dismissed.

### G. Plaintiffs' Claim for Unjust Enrichment Must be Dismissed as a Matter of Law.

Plaintiffs' Count VIII for unjust enrichment must be dismissed as a matter of law. It is well-settled Tennessee law that no cause of action for unjust enrichment can exist where the parties' relationship is governed by an express contract. *See Maverick Grp. Mktg. v. Worx Envtl. Prods.*, 99 F. Supp. 3d 822, 838 (W.D. Tenn. 2015)("unjust enrichment is generally not available if a valid and enforceable written contract governs the subject matter at issue between the parties.")(internal quotations and citations omitted).

Here, Plaintiffs do not dispute the existence of the express contracts between themselves and Defendants. *See* (Compl. at ¶¶ 2, 93.) Indeed, Exhibits A through C attached to this Motion include Plaintiffs' *three* agreements with Wyndham, and their accompanying documents. As such, Plaintiffs cannot assert a claim against Defendants for unjust enrichment, and Count VIII of their Complaint must be dismissed.

### CONCLUSION

The Complaint must be dismissed in its entirety.

Respectfully submitted,

/s/ Paul S. Davidson
Paul S. Davidson (TN BPR # 011789)
Keith W. Randall (TN BPR # 030313)
**WALLER LANSDEN DORTCH & DAVIS, LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219(615) 244-6380
Email: paul.davidson@wallerlaw.com
Email: keith.randall@wallerlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been filed using the Court's Electronic Case Filing System, which will serve notice upon the following counsel of record on July 1, 2019.

George H. Rieger II
1506 Lipscomb Drive
Brentwood, TN 37027

*Attorney for Plaintiffs*

/s/ Paul S. Davidson