## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **GARY W. HAMM and** | ) | |
| **LINDA M. HAMM,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-00426** |
| | ) | **Judge Aleta A. Trauger** |
| **WYNDHAM RESORT DEVELOPMENT** | ) | |
| **CORP., WYNDHAM WORLDWIDE** | ) | |
| **OPERATIONS, INC., WYNDHAM** | ) | |
| **VACATION RESORTS, INC.,** | ) | |
| **WYNDHAM VACATION OWNERSHIP,** | ) | |
| **INC., WYNDHAM CONSUMER** | ) | |
| **FINANCE, INC., WYNDHAM** | ) | |
| **REWARDS, INC., and JOHN DOES 1–** | ) | |
| **100,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Before the court is the motion by defendant Wyndham Vacation Resorts, Inc. ("WVR")[1]

to dismiss the Amended Complaint under Rules 12(b)(2) and 12(b)(3), for lack of personal

jurisdiction and improper venue. (Doc. No. 33.) In the alternative, the defendant moves to transfer

venue under 28 U.S.C. § 1406(a)(2). For the reasons set forth herein, the motion will be denied.

---

[1] All of the Wyndham-affiliated defendants named in the original Complaint were
dismissed, and the Amended Complaint reinstated certain claims against WVR only. The current
motion was purportedly filed by and on behalf of the dismissed defendants in addition to WVR,
"[o]ut of an abundance of caution." (Doc. No. 34, at 1 n.1.) Because WVR is the only Wyndham-
affiliated entity against which claims remain pending, the court construes the motion as filed by
and on behalf of WVR only.

## I.     STATEMENT OF THE CASE

This case, filed more than a year ago, has not progressed far. This opinion presumes familiarity with the court's previous rulings, and the court will summarize here only those facts and events necessary to an understanding of the current motion.

Plaintiffs Linda and Gary Hamm filed suit in May 2019 against WVR, Wyndham Resort Development Corp., Wyndham Worldwide Operations, Inc., Wyndham Vacation Ownership, Inc., Wyndham Rewards, Inc. (collectively, the "Wyndham defendants"), and "John Does 1–100," who are alleged to be individuals employed by one or more of the Wyndham defendants.[2] The plaintiffs' claims in the original Complaint were premised upon their purchase of timeshare properties and points for resort properties located in Tennessee and Virginia. Based only on very broad and vague factual allegations, the original Complaint asserted, or purported to assert, causes of action for fraud, fraudulent misrepresentation, fraudulent inducement, misrepresentation by concealment, negligent misrepresentation, violation of the Tennessee Timeshare Act, Tenn. Code Ann. § 66-32-101 *et seq.*, breach of contract, and unjust enrichment. (Doc. No. 1.) Although the original Complaint alleges that the plaintiffs reside in Tennessee and that the defendants' "continuous and systematic" contacts with the State of Tennessee subjected them to personal jurisdiction in this state (Doc. No. 1 ¶ 19), the Complaint does not specifically identify what those contacts were, other than to assert that the defendants maintained offices and agents for service of process and engaged in "large scale marketing and sales activities" in Tennessee (*id.* ¶ 23) and to reference the plaintiffs' purchases of timeshares and signing timeshare contracts in Tennessee and

---

[2] The claims against the John Doe defendants technically remain pending at this time, although the plaintiffs have never served or identified them. The court has entered an order directing the plaintiffs to show cause why these defendants should not be dismissed for failure to effect timely service of process and failure to prosecute.

Virginia. It does not identify specific representations made by the defendants or their agents that took place within Tennessee or were directed to the plaintiffs while the plaintiffs were in Tennessee.

The Wyndham defendants responded to the Complaint by filing a Motion to Dismiss for Failure to State a Claim (Doc. No. 6) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that most of the claims were time-barred and that the pleading did not satisfy Rule 8 or, with respect to the fraud-based claims, Rule 9. The defendants did not argue that the court lacked personal jurisdiction over them, or that venue was improper, with respect to any of the claims.

In November 2019, the court granted the Wyndham defendants' motion to dismiss for failure to state a claim and dismissed all claims without prejudice. However, the court expressly granted the plaintiffs the option of filing a motion to amend their complaint along with a copy of an amended pleading that cured the deficiencies in the original. (Doc. Nos. 15, 16.) The plaintiffs thereafter filed a Motion to Amend and proposed Amended Complaint, which the Wyndham defendants opposed on the grounds of futility. The defendants again argued that all of the claims in the proposed Amended Complaint were subject to dismissal under Rule 12(b)(6), for failure to state a claim for which relief may be granted. Again, they did not raise a defense based on the court's lack of personal jurisdiction or improper venue with respect to any of the claims against any of the defendants.

The court ultimately entered a Memorandum and Order (Doc. Nos. 27, 28) granting in part and denying in part the plaintiffs' Motion to Amend. Although the court authorized the filing of the Amended Complaint (Doc. No. 29), which is now the operative pleading, the court substantially narrowed the scope of the claims asserted therein. Specifically, the court found that the only viable claims against any of the Wyndham defendants set forth in the Amended Complaint

are those asserted against WVR for negligent and intentional misrepresentation, related to representations allegedly made by agents for WVR to the plaintiffs, in person, while the plaintiffs were in Williamsburg, Virginia in September 2014 and May 2015.

WVR has now filed its Motion to Dismiss the Plaintiffs' Amended Complaint. It asserts that, with court's ruling on the plaintiffs' Motion to Amend, the Amended Complaint contains no allegations of conduct by WVR that occurred within Tennessee, without which this court cannot exercise personal jurisdiction over WVR. The defendants move to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer venue under 28 U.S.C. § 1406(a). (Doc. Nos. 33, 34.) The plaintiffs have filed a Response in Opposition, arguing that WVR is subject to both general and specific jurisdiction in this district. (Doc. No. 45.)

## II.     LEGAL STANDARDS

Generally, when a defendant challenges personal jurisdiction under Rule 12(b)(2), "[t]he plaintiff bears the burden of making a *prima facie* showing of the court's personal jurisdiction over the defendant." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). When sitting pursuant to federal question jurisdiction, a court may exercise personal jurisdiction over a defendant "'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). It is well established, however, that "Tennessee law extends its jurisdiction to due process's limits," *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019), as a result of which the dual analysis collapses into one inquiry: whether the exercise of jurisdiction comports with due process. *Id.* (citing *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003)).

The Due Process Clause requires that a non-resident defendant have at least "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Conn v. Zakharov*, 667 F.3d 705, 712–13 (6th Cir. 2012).

A defendant may also assert an improper venue defense, pursuant to Federal Rule of Civil Procedure 12(b)(3). Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

However, it is well established that defenses based on lack of personal jurisdiction and improper venue may be waived. One method of waiver is through a party's failure to include these defenses in a first Rule 12 motion. Specifically, Rule 12 provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Additionally, Rule 12(h)(1) states that "[a] party waives any defense listed in Rule 12(b)(2)–(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)." The effect of these two provisions is that "a defendant who files a motion under Rule 12, yet fails to raise in that motion the defense of [lack of personal jurisdiction or improper venue], forever 'waives' that defense." *King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012); *see also*

*Servpro Indus., Inc. v. Woloski*, No. 3:17-CV-01433, 2019 WL 3552516, at *6 (M.D. Tenn. Aug. 5, 2019) (Campbell, J.) ("Under operation of Rule 12(h)(1)(A) and (g)(2), a party waives the defense of lack of personal jurisdiction under (b)(2) by omitting it from its first motion to dismiss."); *Mississippi ex rel. Hood v. Entergy Miss., Inc.*, No. 3:08-CV-780-CWR-LRA, 2017 WL 2973998, at *1 (S.D. Miss. July 11, 2017) ("Eliding and combining the relevant language [of Rule 12(g)(2) and (h)(1)] leaves us with this concise summary: a party waives an available personal jurisdiction defense by (1) failing to include it in the party's first Rule 12 motion, (2) failing to bring any Rule 12 motion, or (3) failing to include it in an answer or Rule 15(a)(1) amended answer."). "[T]he message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction [or] venue . . . . If that party wishes to raise . . . these defenses, that must be done at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading." 5C Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1391 (3d ed. April 2020 update) (hereinafter "Federal Practice & Procedure").

Besides waiver through the operation of Rule 12, "a party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met . . . ." *Id.* The Sixth Circuit has noted that,

> [i]n the typical waiver scenario, a defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.

*Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 332–33 (6th Cir. 2018) (quoting *Means v. U.S. Conf. of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016)).

## III.    DISCUSSION

The plaintiffs here do not contend that the defendant has waived its personal jurisdiction and improper venue defenses. Instead, their response focuses on arguments that WVR is subject to both general and specific jurisdiction in this state and that venue is appropriate. The more obvious question presented here, however, is whether the defendant waived those defenses by failing to raise them in its first Rule 12 motion or in its opposition to the Motion to Amend. The issue of waiver not having been briefed, the court anticipates two arguments the defendant might raise to contest waiver of its personal jurisdiction and improper venue defenses: (1) that the plaintiffs have waived the right to argue the defendant's waiver by failing to address it, or that the court should not find waiver *sua sponte*; and (2) the defendants could not have waived the defenses in its Rule 12(b)(6) motion or Response in opposition to the plaintiffs' motion to amend, because the defenses did not become available until after the court ruled on the motion to amend. The court considers each of these as they pertain to both personal jurisdiction and venue.

### A.    Personal Jurisdiction Defense

It is true that "[a] defendant cannot be deemed to have waived defenses . . . that 'were not . . . available at the time they could first have been made.'" *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981)); *see also Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1237 (10th Cir. 2016) ("Rule 12(g)(2) limits the waiver rule to defenses that were 'available to the party but omitted from its earlier motion.'").

Generally, the filing of an amended complaint "will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Nichols v. Vilsack*, 183 F. Supp. 3d 39, 41–42 (D.D.C. 2016); *see also Lederman v. United States*, 131 F. Supp. 2d 46, 58 (D.D.C. 2001) ("A defense available at the time of an

initial response to a pleading may not be asserted when the initial pleading is amended." (citation omitted)). On the other hand, "[a] party is not precluded from making a second motion based on a defense that [it] did not have reasonable notice of at the time that party first filed a motion to dismiss or on a defense that became available only after a motion had been made under Rule 12." 5C Federal Practice & Procedure § 1388. Thus, when a party is granted leave to amend its pleadings, and the amendment adds new matter that gives rise to a new, previously inapplicable Rule 12 motion, "the responding party may assert the new Rule 12 defense by motion or responsive pleading." *Artistic Stone Crafters, Inc. v. Safeco Ins. Co. of Am.*, No. CV 108–153, 2010 WL 317472, at *3 (S.D. Ga. Jan. 25, 2010).

In this case, the defense of lack of personal jurisdiction was clearly available to WVR from the time the plaintiffs filed the original Complaint. First, in this circuit, a plaintiff "must demonstrate that personal jurisdiction is proper as to each of the claims set forth" in the Complaint. *J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 655 (N.D. Ohio 2019) (citing *SunCoke Energy, Inc. v. MAN Ferrostaal Aktiengesellschaft*, 563 F.3d 211, 219 (6th Cir. 2009)[3]). Thus, even if personal jurisdiction was arguably appropriate as to some defendants or some claims, if either was lacking as to claims against it specifically, WVR was charged with raising a personal jurisdiction defense in the first Rule 12 motion or waiving the ability to do so.

---

[3] While Judge Merritt disagreed, both Judge White (in her concurrence) and Judge Rogers (in his dissent in part) found that personal jurisdiction must exist for each of the plaintiff's separate claims. *See SunCoke Energy*, 563 F.3d at 217 (White, J., concurring) ("I agree with Judge Rogers that personal jurisdiction must be proper as to each claim . . . ."); *id.* at 219 (Rogers, J., dissenting in part) ("[P]ersonal jurisdiction . . . must be proper as to each claim." (quoting Jack H. Friedenthal, *et al.*, Civil Procedure § 6.6, at 368 (4th ed. 2005); citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006); *Remick v. Manfredy*, 238 F.3d 248, 255–56 (3d Cir. 2001); *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir. 1999)). The district courts within this circuit "have determined this proposition to be the majority rule in this Circuit." *J.M. Smucker Co.*, 420 F. Supp. 3d at 655 n.7 (collecting cases).

The original Complaint sets forth fraudulent misrepresentation and omission claims, among others, but it does not contain any allegations showing *where* any of the defendants' alleged misrepresentations or concealments took place—or, more to the point, where the plaintiffs were when they took place—and specifically does not allege that any of the misrepresentations or omissions attributable to WVR occurred within this district for purposes of personal jurisdiction in this district.[4] In addition, although the Complaint broadly asserts that all of the Wyndham defendants had "continuous and systematic" contacts with the State of Tennessee, by which the plaintiffs apparently meant that general jurisdiction over all the Wyndham defendants in the entire state of Tennessee was appropriate, it does not contain specific factual allegations sufficient to support that assertion. Accordingly, the original Complaint called into question the exercise of personal jurisdiction over WVR in this district, both generally and specifically, with respect to the fraud-based claims that have been permitted to proceed. Moreover, while it is true that the Amended Complaint adds new matter—new factual allegations that the plaintiffs were in Williamsburg, Virginia when the defendant's agents allegedly made false representations to them in 2014 and 2015 (*see* Doc. No. 29 ¶¶ 44, 102)—the new matter does not detract from the fact that the affirmative allegations in the original Complaint failed to establish a basis for the exercise of

---

[4] The Sixth Circuit has held that acts as apparently insubstantial as "phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the bases for the action." *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001) (citations omitted). "When the actual content of the communications into the forum gives rise to an intentional tort action, that alone may constitute purposeful availment." *Id.* Thus, if the original Complaint had actually alleged that the defendants communicated actionable false representations—whether in person, by fax, or by phone—to the plaintiffs while the plaintiffs were in Tennessee, such statements would have provided a sufficient basis for exercising personal jurisdiction. *Accord Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 730 F. Supp. 2d 683, 692 (W.D. Ky. 2010). But the original Complaint in this case contains no such allegations.

personal jurisdiction over WVR or any of the other Wyndham defendants in this district with respect to the same fraud-based claims.

In addition, although a response to a plaintiff's motion to amend a pleading does not technically fall within the scope of Rule 12(g), by litigating the plaintiffs' later Motion to Amend without reserving a personal jurisdiction defense, the defendant "g[a]ve the plaintiff[s] a reasonable expectation that the defendant [would] defend the suit on the merits [and] cause[d] the court to go to some effort that would be wasted if personal jurisdiction [were] later found lacking." *Innovation Ventures*, 912 F.3d at 332–33 (citation omitted). As indicated above, the proposed Amended Complaint contains slightly more specific allegations than the original Complaint, including allegations showing that many of the claims were clearly barred by the statute of limitations and that the claims that were not time-barred arose outside this district. That is, the allegations concerning the claims that were not time-barred gave rise to a personal jurisdiction defense as to those claims, but the defendants did not raise this defense, instead continuing to argue that the claims were insufficiently pleaded for purposes of Rule 9. (*See generally* Doc. No. 26.) By doing so, they failed to signal either to the plaintiffs or to the court that they intended to contest personal jurisdiction.

In short, the court finds that WVR did not raise its defense based on lack of personal jurisdiction at the earliest available opportunity, with the filing of the defendants' first Rule 12 motion or, alternatively, in opposing the Motion to Amend.

The court also finds the plain language of Rule 12(g)(2), barring successive Rule 12 motions, to be dispositive of any possible argument that the plaintiffs forfeited their ability to contest the defendant's ability to raise a personal jurisdiction defense by not specifically objecting on that basis. Personal jurisdiction restricts a court's jurisdiction over the person, "protect[ing]

individual rights." *Ruhrgas, AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Personal jurisdiction "represent[s] a restriction on judicial power . . . as a matter of individual liberty." *Id.* at 584. Thus, "a party must insist that the limitation be observed, or he may forgo that right, *effectively consenting to the court's exercise of adjudicatory authority*." *Id.* (emphasis added); *see also Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (noting that, while subject-matter jurisdiction may be raised at any time, by a party or the court, "a court has no interest in dismissing a case for lack of personal jurisdiction once the parties have consented to the court's jurisdiction"). Because the defendant has waived its personal jurisdiction defense by failing to litigate it at the earliest possible opportunity, it has effectively consented to this court's exercise of personal jurisdiction. The plaintiffs' failure to point this out does not make it less true. WVR's motion to dismiss under Rule 12(b)(2), therefore, must be denied.

### B.     Venue

An objection based on improper venue, under Rule 12(b)(3), is subject to the same waiver rules as a defense based on personal jurisdiction. *See, e.g.*, *Red Carpet Studios v. Midwest Trading Grp., Inc.*, No. 1:12CV501, 2018 WL 4300544, at *3 (S.D. Ohio Sept. 10, 2018) (finding waiver of objection to venue based on the defendant's failure to object until six months after a Supreme Court ruling that changed the law pertaining to venue in patent cases and also participating actively in the litigation during that six months). It is not clear, however, that a defense based on improper venue was actually available to WVR before the court ruled on the plaintiffs' Motion to Amend.

The starting point for this analysis is the general venue statute, which provides that a "civil action may be brought" in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Based on the plaintiffs' allegations that they were domiciled in Tennessee and that their claims for fraud and breach of contract pertained to timeshares for properties located in Tennessee and elsewhere, it was reasonable for the defendants, and specifically WVR, to conclude that the allegations were sufficient to establish that venue in this district was appropriate under § 1391(b)(2).

In addition, while it is also generally true that venue, like personal jurisdiction, must be proper as to each claim and as to each defendant, *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014), venue may be extended to other claims by the principle of "pendent" or "ancillary" venue, which will permit "a claim that is not properly venued standing alone [to] be heard by a court as long as another properly venued claim arising out of a common nucleus of operative facts is also brought at the same time in the same district." *Id.* (quoting *Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp.*, 272 F. Supp. 2d 784 (E.D. Wis. 2003)). And the rules clearly contemplate that "venue may be proper in more than one judicial district." *IFL Grp. Inc. v. World Wide Flight Serv., Inc.*, 306 F. Supp. 2d 709, 711 (E.D. Mich. 2004) (citation omitted). Thus, even if venue were arguably improper as to some claims, the application of pendent venue likely would have extended to those claims. On this basis, too, it appears that a defense of improper venue was not actually "available" to WVR until after the court had ruled on the defendants' objections to the plaintiffs' Motion to Amend.

Nonetheless, because WVR has effectively waived an objection to personal jurisdiction, that means that its objection to venue also fails. As set forth above, a "civil action may be brought"

in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). In addition, a corporate defendant is deemed to "reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). WVR is now the only defendant before the court, the claims against the other Wyndham defendants never having been reinstated following dismissal of the original Complaint and the John Doe defendants not having been served. As set forth above, WVR did not object to the exercise of personal jurisdiction in the Rule 12 motion responding to the original Complaint or in opposing the Motion to Amend. As applied here, Section 1391(c)(2) means that WVR, by failing to object to personal jurisdiction and thus consenting to this court's exercise of personal jurisdiction, is deemed to "reside" in this district for purposes of § 1391(b)(1). As a result, venue in this district is proper under the statute.

Another district court within the Sixth Circuit reached the same conclusion in a case in which the defendant failed to challenge personal jurisdiction but challenged venue, and thus had waived its ability to challenge jurisdiction under Rule 12(b)(2). As the court stated:

> [E]ven though [Defendant] has asserted that its contacts with the Southern District of Ohio, with regard to the [two of the three] Plaintiffs, are insufficient to render venue proper for those claims, those arguments are immaterial.
>
> It would defy logic to deem [Defendant] subject to this Court's personal jurisdiction, due to waiver, yet dismiss the . . . Plaintiffs' claims against it for improper venue, due to lack of residency or, in other words, for want of personal jurisdiction. Having conceded that this Court has personal jurisdiction over it . . . by virtue of its failure to raise a 12(b)(2) defense, Defendant is deemed to reside in the Southern District of Ohio for purposes of venue. 28 U.S.C. § 1391(c).

*Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1048 (S.D. Ohio 2002). The court denied the defendant's Rule 12(b)(3) motion on that basis.

Likewise, WVR's motion to dismiss for improper venue must be denied. Because venue is not improper, transfer under 28 U.S.C. § 1406(a) is also unwarranted.

**IV.     CONCLUSION AND ORDER**

For the reasons forth herein, the Motion to Dismiss the Plaintiffs' Amended Complaint (Doc. No. 33) is **DENIED**.

The initial case management conference is hereby **RESET** for November 2, 2020 at 1:00 p.m. by telephone.  Judge Trauger's Courtroom Deputy will email to counsel the number they should call in order to participate in the telephone conference.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge